UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAFFE MCCALL, LLP                          CIVIL ACTION

VERSUS                                      NO: 08-4432

WORLD TRADE CENTER OF NEW                   SECTION: "J"(2)
ORLEANS ET AL

## ORDER AND REASONS

Before the Court are Plaintiff Chaffe McCall, LLP's

("Chaffe") **Motion for Injunction of Proceedings Pursuant to 28**

**U.S.C. § 2361 (Rec. Doc. 14)** and Defendant Full Spectrum of New

York, L.L.C.'s ("Full Spectrum") **Motion to Dismiss Interpleader**

**or in the Alternative Motion to Stay (Rec. Doc. 21)**. Defendants

World Trade Center of New Orleans ("WTC") and New Orleans

Building Corporation ("NOBC") do not oppose Chaffe's motion for

permanent injunction (Rec. Docs. 18 & 20). Full Spectrum opposes

Chaffe's motion for the reasons asserted in support of its motion

to dismiss or stay Chaffe's action for interpleader (Rec. Doc.

27). Upon review of the record, the memoranda of counsel, and

the applicable law, this Court now finds, for the reasons set

forth below, that Chaffe's motion should be granted and that Full

Spectrum's motion should be denied.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter is before the Court pursuant to Chaffe's

interpleader complaint filed against WTC, NOBC, and Full Spectrum (Rec. Doc. 1). The interpleader action arises out of an Escrow Agreement entered by Chaffe and the interpleader defendants/claimants in connection with a lease proposal by Full Spectrum that was accepted by a selection committee on behalf of WTC and NOBC. Pursuant to the selection committee's agreement with Full Spectrum, Full Spectrum was selected to be the long term developer for leasing and redevelopment of the WTC building. In accordance with the lease proposal and acceptance process, Full Spectrum was required to deposit $600,000 in escrow pending negotiation and execution of a final lease agreement. Chaffe was the selected escrow agent, and the funds were deposited in accordance with the Escrow Agreement.

Unfortunately, Full Spectrum, WTC, and NOBC were unable to agree to terms for the long term lease and redevelopment of the WTC building. As such, Full Spectrum asserts that on August 19, 2008, it demanded return of the escrowed funds plus interest (minus reasonable fees of the escrow agent not to exceed $1,000), pursuant to the Escrow Agreement. Further, as the result of an assignment, Full Spectrum demanded that $500,000 be disbursed to it and the remaining $100,000 be disbursed to Davillier Law Group ("Davillier"). However, on August 27th, 2008, WTC objected to the return and ordered Chaffe not to comply. Full Spectrum

contends that the Escrow Agreement requires return of the funds within 15 days of demand unless the escrow agent institutes a concursus proceeding in the interim.

Full Spectrum filed suit against Chaffe in the Civil District Court for the Parish of Orleans ("CDC") on September 17, 2008 (31 days after its initial demand) seeking specific performance of the Escrow Agreement's return provisions. Full Spectrum also alleges that its CDC complaint may result in claims for damages against Chaffe for breach of contract in the event the escrowed funds are not returned.

Chaffe filed the instant interpleader action in this Court on September 18, 2008, immediately after it was notified of Full Spectrum's suit in CDC. Chaffe was not served with the petition in the CDC suit until December 3. Chaffe then deposited the escrowed funds ($627,312.54 of principal and interest) into this Court's registry on September 23, 2008 (Rec. Docs. 4 & 5).

As a result of these various proceedings in this Court and in the state court, the parties have filed the present motions. Chaffe seeks a permanent injunction against Full Spectrum's state court suit, and Full Spectrum in turn seeks dismissal or stay of Chaffe's interpleader suit in this Court in favor of its own state court action for declaratory judgment.

## THE PARTIES' ARGUMENTS

Full Spectrum has indicated that its arguments in support of its own motion to dismiss constitute the entirety of its opposition to Chaffe's requested injunction (Rec. Doc. 27). As such, both motions now pending before the Court will be treated together.

### A.   Full Spectrum's Arguments

Full Spectrum argues that this Court has discretion to abstain from hearing and/or to dismiss this interpleader action under Brillhart/Wilton abstention principles.  See Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 20-22 (2d Cir. 1997) (dismissing federal declaratory judgment suit in favor of parallel state suit under Brillhart/Wilton doctrine); NY Life Distribs., Inc. v. Adherence Group, Inc., 72 F.3d 371, 382 (3d Cir. 1995) (dismissing § 1335 interpleader action in favor of earlier-filed state court action under Brillhart/Wilton doctrine); Espat v. Espat, 56 F. Supp. 2d 1377, 1384 (M.D. Fla. 1999).  Further, abstention/dismissal is especially warranted when a pending state court suit can address all issues that are at play in a parallel federal suit.  Fin. Guar. Co. v. City of Fayetteville, 749 F. Supp. 934 (W.D. Ark., 1990).  Full Spectrum goes on to cite the factors that it contends should determine whether this Court has discretion to properly retain jurisdiction

of the interpleader under the <u>Brillhart/Wilton</u> principles of
abstention: 1) the scope of the federal court proceedings and
the nature of the available defenses; 2) whether the claims of
all parties in interest can satisfactorily be adjudicated in the
pending state proceeding; and 3) generally, whether questions in
controversy between the parties to the federal suit can better be
settled in the pending state suit. <u>Nat'l Union</u>, 108 F.2d at 22
(quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995).

Under these factors, Full Spectrum argues that its first-
filed action in CDC not only "involves the same parties and set
of facts as the interpleader, [but also] . . . encompasses claims
against [Chaffe] that are not incorporated into the interpleader
action." Memo Supp. Motion Dismiss, Rec. Doc. 21-2 at 5. As
such, Full Spectrum argues that enjoining its state court suit in
favor of this federal interpleader would interfere with the state
court's lawful actions and also preclude Full Spectrum from
pursuing claims that are not included in the interpleader, namely
its possible claims for breach of contract against Chaffe. In
sum, Full Spectrum argues that the state court proceedings are
broader than this federal interpleader, and thus the interpleader
action should be dismissed.

**B.   Chaffe's Arguments**

Initially, Chaffe argues for an injunction of Full

Spectrum's state court suit in CDC under the provisions of 28 U.S.C. § 2361, which provides that in an interpleader action under 28 U.S.C. § 1335, the district court may enter an order "restraining [interpleader defendants/claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . or obligation involved in the interpleader action." Such an injunction is warranted if the federal court has jurisdiction to hear the interpleader claim (i.e. proper parties, requisite diversity, and deposit of funds). See Bond v. Equity Petroleum Svcs. of Nigeria Ltd.,1994 WL 624209, *1 (E.D. La., Nov. 8, 1994). Chaffe contends that the present interpleader action meets all the jurisdictional requirements for a § 1335 interpleader because: 1) more than $500 is at stake; 2) there is minimal diversity of citizenship among the claimants – that is, two or more of the claimants are of diverse citizenship; and 3) Chaffe has deposited the escrowed funds in the Court's registry. See 28 U.S.C. § 1335.[1] Thus, Chaffe argues that Full Spectrum's suit in CDC should be

_____

[1] It should also be noted that Full Spectrum has not contested the propriety of the § 1335 interpleader in this case. Nonetheless, the Court notes that Chaffe has a slight interest in the interpleaded fund, namely the reasonable escrow agent fees not to exceed $1,000. To the extent Chaffe does have an interest in the fund, that interest does not preclude the present interpleader action. See Maryland Cas. Co. v. Glassell-Taylor & Robinson, 156 F.2d 519 (5th Cir. 1946).

permanently enjoined by an order of this Court in conjunction
with the present interpleader action.

In response to Full Spectrum's motion to dismiss this
interpleader, Chaffe alleges first that it has already provided
the relief that Full Spectrum requests in its state court suit,
and thus that suit is moot and the interpleader action should
proceed.  Specifically, Chaffe alleges that Full Spectrum's suit
in CDC seeks a return of the escrowed funds, *or in the
alternative* that Chaffe deposit the escrowed funds in the
registry of the state court.  Chaffe contends that it has already
deposited the funds, albeit in this Court's registry, and thus
Full Spectrum's suit in CDC is essentially moot and the basic
foundation of its motion to dismiss is therefore lacking.

Additionally, and assuming the present interpleader does not
moot Full Spectrum's state court suit, Chaffe argues that the
Brillhart/Wilton abstention doctrine does not apply in the Fifth
Circuit *to cases involving injunctions based on the federal
interpleader statute*.  Chaffe argues that in the Fifth Circuit,
Brillhart/Wilton applies only in cases involving "peremptive"
declaratory judgment suits filed in federal court that seek
declarations of non-liability or non-coverage in anticipation of
state court suits.  This case, however, involves a true
interpleader based on multiple and conflicting claims to a common

fund.  Furthermore, Chaffe notes the clear Fifth Circuit rule
that the Brillhart/Wilton doctrine only applies "when a district
court is considering abstaining from exercising jurisdiction over
a *declaratory judgment action.*"  Kelly Inv., Inc. v. Cont'l
Common Corp., 315 F.3d 494, 497 (5th Cir. 2002); RLI Ins. Co. v.
Wainoco Oil & Gas Co., 131 Fed. Appx. 970, 972 (5th Cir. 2005).

As such, Chaffe argues that Full Spectrum's reliance on non-
Fifth Circuit precedents that are distinguishable and non-binding
on this Court is unfounded.  Specifically, Chaffe argues that the
Second Circuit in Karp applied Brillhart/Wilton abstention only
because the interpleader at issue *also included a declaratory
judgment request*.  In fact, Chaffe notes that the Karp court
actually approved of the district court's retention of the true
interpleader portion of the case despite its abstention as to the
requested declaratory judgment in favor of a pending parallel
state suit.  Karp, 108 F.3d at 20.  As for the Third Circuit's
decision in NY Life that a district court has discretion under
Brillhart/Wilton to abstain from exercising jurisdiction over a
statutory interpleader action, Chaffe argues that this holding is
*contrary to Fifth Circuit law.*  See West Side Transp., Inc. v.
Apac Miss., Inc., 237 F. Supp. 2d 707, 713 n.8 (S.D. Miss. 2002)
(citing Boston Old Colony Ins. Co. v. Balbin, 591 F.2d 1040, 1044
(5th Cir. 1979)).  Finally, Chaffe distinguishes the decision of

the Middle District of Florida in Espat v. Espat, which relied on
both Karp and NY Life in abstaining from a § 1335 interpleader,
by noting that court's finding that the parallel state court
action was broader in scope than the interpleader.  56 F. Supp.
2d 1377, 1385 (M.D. Fla. 1999).  Chaffe reiterates that this is
contrary to Fifth Circuit law, and further argues that the
parallel state court proceeding in this case is not broader than
the federal interpleader in this Court.  Specifically, while Full
Spectrum alleges that it has made claims against Chaffe in the
CDC suit,  Chaffe argues that no such claims have actually been
made or even accrued.  Thus, Chaffe asserts that the CDC suit is
not broader because it does not include a claim for damages
against Chaffe for breach of the Escrow Agreement.  As proof,
Chaffe quotes Full Spectrum's own statement that "in the event
that the funds are not ultimately released to Full Spectrum, Full
Spectrum intends to proceed against Chaffe" for breach of the
Escrow Agreement. Memo Supp. Mot. Dismiss, Rec. Doc. 21 (emphasis
added).  Chaffe asserts that not only does the complaint in CDC
not include a damage claim, but Full Spectrum's own statement of
its "intent" to seek damages itself admits that any such claim
would be premature pending resolution of the disbursement of the
escrowed funds.  Further, Chaffe argues that even if such a claim
were made in the state court suit, the claim would make no sense

because the only way Full Spectrum will not receive the escrowed funds is *if there is a judicial determination that they are not entitled* to those funds.  Thus, Chaffe disputes Full Spectrum's contention that the CDC suit is somehow broader than the federal interpleader.

In any event, Chaffe argues that even if <u>Brillhart/Wilson</u> were applicable, the relevant factors weigh against abstention because (1) the CDC suit only involves Full Spectrum's, and not WTC and NOBC's, claims to the escrowed funds; (2) Chaffe did not file its federal interpleader in anticipation of Full Spectrum's suit in CDC, and in fact Full Spectrum's suit was peremptive of the federal interpleader; (3) Chaffe did not file its federal interpleader as a matter of forum shopping; and (4) the federal forum is equally convenient and no inequities would result from this Court's retention of jurisdiction over the interpleader. Finally, and despite the fact that Full Spectrum has sought abstention only under <u>Brillhart/Wilton</u> principles, Chaffe address any possible grounds for <u>Colorado River</u> abstention out of an abundance of caution.  First and foremost, Chaffe argues that <u>Colorado River</u> does not apply because the federal and state proceedings are not parallel due to the presence of additional parties in the federal interpleader.  Further, Chaffe asserts that this Court has jurisdiction over the *res* in this case (i.e.

10

the escrowed funds), the interpleader will avoid piecemeal litigation in separate forums, and the state court proceedings will not protect Chaffe from the possibility of multiple lawsuits in different forums.  Thus, although Chaffe concedes that the CDC suit was filed first and that this weighs in favor of <u>Colorado River</u> abstention, the other factors in Chaffe's favor preclude such abstention.

**DISCUSSION**

The fundamental dispute at issue in this case is whether this Court *may* abstain from hearing Chaffe's § 1335 interpleader action in favor of Full Spectrum's state court suit concerning the escrowed funds, and if so what factors should inform the permissive, discretionary abstention decision.  If the Court should abstain, then Chaffe's motion for permanent injunction of Full Spectrum's CDC suit will be moot; otherwise, the injunction should be granted under § 2361.

**A.    Statutory Interpleader and § 2361 Injunctions**

The statutory interpleader cause of action is provided in 28 U.S.C. § 1335:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any . . . firm . . . having in . . . its custody or possession money or property of the value of $500 or more . . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are

> claiming or may claim to be entitled to such money or
> property . . . and if (2) the plaintiff has deposited
> such money or property . . . into the registry of the
> court, there to abide the judgment of the court . . . .

28 U.S.C. § 1335. If an interpleader action is properly brought

in the district court, the court "may issue its process for all

claimants and enter its order restraining them from instituting

or prosecuting any proceeding in any State or United States court

affecting the property . . . involved in the interpleader action

until further order of the court." 28 U.S.C. § 2361. In

addition, the district court may make the injunction against

suits affecting the property permanent. Id. Furthermore,

although the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits

federal injunctions against state court proceedings except in

certain limited circumstances, the Supreme Court has recognized

that § 2361 is a legislatively authorized exception to the

general rule. See, e.g., <u>Mitchum v. Foster</u>, 407 U.S. 225, 234

n.14 (1972).

**B. Abstention under <u>Brillhart/Wilton</u> in the Context of 28 U.S.C. § 1335 Interpleader Actions**

**(1) The Fifth Circuit Rule**

Consistent with the authorization of § 2361 for injunction

of parallel state court proceedings in the face of a properly

pled § 1335 federal interpleader action, the Fifth Circuit has held that abstention in such cases is very limited.

The Fifth Circuit recognizes "two different tests [governing] a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation." Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 950 (5th Cir.1994). First, when a suit seeks *only declaratory relief,* the district court has substantial discretion to abstain after consideration of certain necessary factors. Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 390 (5th Cir. 2001). This form of abstention proceeds from the Supreme Court's decision in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, and gives district courts discretion to abstain "when a *parallel suit* not governed by federal law and presenting the same issues is pending in state court." Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 497 (5th Cir.2003). However, when the federal proceeding involves a request for *coercive relief* such as an injunction,[2] the district court has a "virtually unflagging obligation" to exercise jurisdiction, and can only abstain when the factors set forth in Colorado River Water

---

[2] "Coercive relief includes suits seeking injunctions as well as suits seeking damages." Woodward v. Sentry Select Ins. Co., 2004 WL 834634, *2 (E.D. La. 2004).

Conservation Dist. v. United States, 424 U.S. 800 (1976),

indicate that exceptional circumstances are present. Southwind

Aviation, 23 F.3d at 951. Finally, "[w]hen a party seeks *both*

*injunctive and declaratory relief*, the appropriateness of

abstention must be assessed according to the doctrine of Colorado

River." Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d

647, 652 (5th Cir. 2000) (emphasis added). "[T]he only potential

exception to this general rule [of applying Colorado River

principles to mixed declaratory and injunctive actions] arises

when a party's request for injunctive relief is either frivolous

or is made solely to avoid application of the Brillhart standard,

which applies when district court is considering abstaining from

exercising jurisdiction over a declaratory judgment action." Id.

In the specific context of abstention from a § 1335

interpleader action in federal court in the face of a related

state court suit, the Fifth Circuit recognizes a long standing

rule that "the usefulness of the statutory remedy of interpleader

. . . should not be impaired by narrow and restrictive rulings,"

and therefore "[in] such cases where [§ 1335] jurisdiction

clearly appears, Federal District Courts *do not have the right to*

*decline to exercise that jurisdiction in litigation involving no*

*important question of the public policy of the State*." Maryland

Casualty Co. v. Glassell-Taylor & Robinson, 156 F.2d 519, 524

14

(5th Cir. 1946) (emphasis added) (quoted in <u>Boston Old Colony</u>

<u>Ins. Co. v. Balbin</u>, 591 F.2d 1040, 1044 (5th Cir. 1979).  In

light of the Fifth Circuit's rejection of discretionary

<u>Brillhart/Wilton</u> abstention in federal actions for coercive

relief, district courts in the Fifth Circuit have followed the

<u>Maryland Casualty/Balbin</u> rule precluding discretionary abstention

from properly pled § 1335 interpleader actions related to pending

state court proceedings, despite intervening Supreme Court

decisions that have reshaped to some extent the parameters of the

various federal abstention doctrines.  See, e.g., <u>Fidelity &</u>

<u>Deposit Co. of Md. v. McKinney</u>, 1993 WL 43616, *2 (E.D. La. Feb.

18, 1993) (abstaining under <u>Colorado River</u> from a federal

interpleader and declaratory judgment action in favor of parallel

state proceedings based on difficult state law issues, but

recognizing rule of <u>Balbin</u>); <u>Essex Ins. Co. v. Bourbon Nite-Life</u>

<u>L.L.C.</u>, 2006 WL 304563, *3 (E.D. La. Feb. 9, 2006) (applying

<u>Brillhart/Wilton</u> abstention, even though an interpleader action

was included with declaratory judgment request, which would

normally allow for abstention only under <u>Colorado River</u> doctrine,

because the interpleader action was not proper under § 1335);

<u>West Side Transp., Inc. v. APAC Miss., Inc.</u>, 237 F. Supp. 2d 707,

713-14 (S.D. Miss. 2002) (quoting <u>Balbin</u> and <u>Maryland Casualty</u>)

(refusing to apply <u>Brillhart</u> in non-declaratory judgment case,

and refusing to abstain under Colorado River because "[t]he Fifth Circuit has also held that in interpleader cases, if the jurisdiction of the federal court has been properly invoked, it is 'the duty of the trial court to determine the issues unless unusual circumstances triggered rules based on comity which would necessitate relegating the complaint to the state court."). Rather, courts in the Fifth Circuit adhere to the stricter standards of Colorado River - which allows for abstention only in exceptional circumstances implicating federal-state comity concerns - in cases involving properly pled federal interpleader actions that are related to actions in state court. See West Side Transp., Inc., 237 F. Supp. 2d at 714; Am. Equity Ins. Co. v. Underwriters at Lloyd's London & Certain Ins. Cos., 211 F.R.D. 298, 300 (S.D. Tex. 2002).

However, before even addressing whether Colorado River abstention is appropriate under the standards of the doctrine, a district court must first assess whether the federal action and the state action are in fact "parallel proceedings" sufficient to trigger the doctrine. Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 540 (5th Cir. 2002). "Suits are 'parallel,' for the purposes of determining whether Colorado River abstention applies, if they involv[e] the same parties and the same issues." Id. (quoting Republic Bank Dallas, Nat'l Assoc. v. McIntosh, 828

F.2d 1120, 1121 (5th Cir.1987)) (internal quotations omitted).

**(2)  Criticisms of the Fifth Circuit Rule**

As noted by Full Spectrum, several federal courts have criticized and refused to follow the Fifth Circuit's rule precluding abstention from § 1335 interpleader actions under Brillhart/Wilton in the face of related state court suits.

First, Full Spectrum notes the Second Circuit's decision in National Union Fire Insurance Company v. Karp, in which the court affirmed the district court's decision to abstain from hearing the plaintiff insurer's properly pled interpleader and declaratory action under Brillhart/Wilton abstention principles. 108 F.3d 17, 22. Karp involved claims filed in state court against an insurer arising out of an aviation accident. Id. at 19.  After the state court actions were filed, the insurer filed an action for interpleader and declaratory relief in federal court regarding its duty to defend the state court defendant and the claimants entitlement to the policy amounts. Id. at 19-20. The district court abstained from the declaratory judgment action under Brillhart/Wilton, despite the insurer's argument that Colorado River abstention was required in light of its statutory interpleader action. Id. at 20. However, the district court retained jurisdiction over the interpleader portion of the insurer's action with regard to the policy amounts.  The Second

17

Circuit affirmed, finding that the insurer's action was "not a typical interpleader action," and thus Brillhart/Wilton abstention was appropriate because the interpleader was joined with a declaratory action. Id. Finally, the Second Circuit noted its prior holdings that "the availability of interpleader jurisdiction *does not require its exercise*, and the district court acts within its discretion to decline adjudicating issues raised in an interpleader action that can be fairly adjudicated in state court." Id. at 21 (citing Truck-A-Tune, Inc. v. Re, 23 F.3d 60, 63 (2d Cir. 1994). Although the Second Circuit did not expressly note the conflict, this holding is contrary to the Fifth Circuit's rule under Maryland Casualty/Balbin.

Full Spectrum also cites the Third Circuit's opinion in NY Life Distributors, Inc. v. The Adherence Group, Inc., in which the court held that "the discretionary standard enunciated in Brillhart governs a district court's decision to dismiss an action commenced under the interpleader statute during the pendency of parallel state court proceedings." 72 F.3d 371, 382 (3d Cir. 1996). NY Life involved claims arising out of various parties' rights to certain monies retained in a mutual fund administered by plaintiff. Id. at 373. The administrator filed a federal interpleader action, and one of the claimants

18

subsequently filed a state court action alleging various claims for breach of contract and fiduciary duties. Id. After various complex procedural developments, the district court dismissed the federal action, and two of the claimants/state court plaintiffs appealed the dismissal asserting that the district court had improperly abstained from the interpleader. Id. at 374. The Third Circuit concluded that the discretionary Brillhart/Wilton abstention principles, which apply "in declaratory judgment actions," also govern "a motion to dismiss a federal statutory interpleader action during the pendency of a parallel state court proceeding." Id. at 372. In its analysis, the Third Circuit recognized the tension between the Brillhart abstention doctrine, which calls for discretion in abstaining from a federal declaratory action even if the district court has proper jurisdiction, and the Colorado River doctrine, which referred to the "virtually unflagging obligation of federal courts to exercise the jurisdiction given them." Id. at 377 (citing Colorado River, 424 U.S. 800, 817-818). The NY Life court went on to discuss other Supreme Court decisions interpreting this tension, eventually concluding with the Wilton case, which reaffirmed the Brillhart principle that district courts have discretion to abstain in the context of federal declaratory actions. Id. at 378. After this review, the Third Circuit

addressed which abstention standard should apply to a district

court's decision to abstain in the context of a properly pled §

1335 interpleader action:

> We believe our threshold inquiry is whether the
> exceptional circumstances test set forth in [Colorado
> River] . . . must invariably be applied whenever a
> district court with jurisdiction considers a request to
> defer to a state court action. In our view, it need
> not. We read the Supreme Court's decisions, beginning
> with [Brillhart] and ending with [Wilton] to instruct
> that the exceptional circumstances test is not
> universal and will yield in cases where the statute
> which grants a district court the authority to decide a
> matter "justif[ies] [as does the Declaratory Judgment
> Act] a standard vesting district courts with greater
> discretion ... than that permitted under the
> 'exceptional circumstances' test of [Colorado River].

Id. at 379.  As such, the Third Circuit held that the

Brillhart/Wilton discretionary abstention standard applies to a

district court's decision to abstain from a properly pled § 1335

interpleader, despite the district court's statutory jurisdiction

under § 1335 and the mandatory injunction requirement under §

2361.  Id. at 380-81 (noting the permissive language of § 1335(b)

and finding that the mandatory injunction required under § 2361,

especially in light of the powerful tool of nationwide

process,was intended to broaden, not constrict, the district

court's powers and constituted "a source of authority for the

district courts, not . . . a command to the courts to exercise

jurisdiction").  The Third Circuit noted in its conclusions that

20

the Fifth Circuit rule under Maryland Casualty/Balbin was contrary to its conclusion as well as the conclusions of other federal courts. Id. at 379.

Finally, Full Spectrum cites the Middle District of Florida's decision in Espat v. Espat, which held that "[a] district court has the discretion to dismiss or abstain from an interpleader action where there are parallel state proceedings involving the same parties and issues." 56 F. Supp. 1377, 1384 (M.D. Fla. 1999) (citing Karp, 108 F.3d at 20-22 & NY Life, 72 F.3d at 382). In its conclusion, the Espat court noted that the Fifth Circuit case of Balbin holding to the contrary "has been called into question in light of more recent Supreme Court decisions contradicting the principles on which . . . that case relied." Id. The Espat court cited the Southern District of Florida's decision in Crommelin v. Woodfield, 1998 WL 188101, which noted that the Balbin decision might no longer be valid under the Supreme Court's decision in Quackenbush v. Allstate Ins. Co., 517 U.S. 706.[3] Espat, 56 F. Supp. at 1384. In conclusion, the Espat court held that Balbin "is no longer good law." Id.

_____

[3] Quackenbush held that "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." Espat, 56 F. Supp. at 1384.

**(3)  The Law and Facts of this Case**

Despite Full Spectrum's citation to decisions that have questioned and in one case repudiated the long-standing Fifth Circuit rule, this Court is bound by the rule of <u>Maryland Casualty/Balbin</u>.  As such, the Court can abstain from Chaffe's properly pled § 1335 interpleader only under the principles of <u>Colorado River</u>.  The discretionary abstention standard of <u>Brillhart/Wilton</u> does not apply to this case because Chaffe has not sought declaratory relief and because there is no evidence that its interpleader action was filed to defeat application of <u>Brillhart/Wilson</u> abstention principles.

Furthermore, notwithstanding the fundamental inapplicability of these non-Fifth Circuit cases, all the decisions cited by Full Spectrum are factually distinguishable from the instant case. First, the <u>Karp</u> case involved a federal interpleader that *included a request for declaratory relief*.  As noted above, Chaffe has not sought any declaratory relief in this case. Furthermore, the <u>NY Life</u> case involved a § 1335 interpleader action that was parallel to a state court action *that included claims for breach of contract and fiduciary duties*.  In this case, Full Spectrum has not asserted any state law breach-of-contract claims against Chaffe in the related suit in CDC, and has only suggested the possibility of such claims pending the

22

resolution of issues involving the escrowed funds (see fn.2 above).  Furthermore, Section R of this Court has previously granted summary judgment in favor of the plaintiff in a properly pled § 1335 interpleader action despite one of the claimant-defendant's speculative, premature, and unasserted causes of action against the plaintiff.  <u>New York Life Ins. Co. v. Deshotel</u>, 1995 WL 529838, *2 (E.D. La. Sept. 7 1995) (Vance, J.). Finally, the <u>Espat</u> case concerned a federal interpleader action that involved *the same parties* as the related state court proceedings.  However, in this case, the pending CDC suit involves Full Spectrum and  Davillier, whereas the interpleader action before this Court does not involve Davillier.  Thus, in addition to the fundamental legal inapplicability of the cases cited by Full Spectrum, the factual distinctions of those cases also weigh against there application in this matter. Furthermore, such factually distinct cases, to the extent they criticize Fifth Circuit precedent, should not be grounds for straying from the controlling rule of the Fifth Circuit.

As such, abstention, if appropriate at all in this case, can only have its basis in the principles of the <u>Colorado River</u> doctrine.  As noted earlier, however, <u>Colorado River</u> abstention is only appropriate when a federal proceeding is "parallel" with a state court proceeding.  "Parallel proceedings" involve

23

"substantially the same parties . . . contemporaneously

litigating substantially the same issues in another forum."

Primerica Life Ins. Co. v. Twyman, 2002 WL 83750, *2 (N.D. Tex.

Jan. 14, 2002).  The Fifth Circuit has noted that "a mincing

insistence on precise identity" of parties and issues is not

required to find that cases are parallel.  Republic Bank Dallas

Nat. Ass'n v. McIntosh,828 F.2d 1120, 1121 (5th Cir. 1987).  In

this analysis, "[t]he central inquiry is whether there is a

substantial likelihood that the state litigation will dispose of

all claims presented in the federal case." Great Lakes Dredge &

Dock Co., LLC v. Larrisquitu, 2007 WL 2330187, *14 (S.D. Tex.

Aug. 15,2007.  In this case, the proceedings in this Court and

those in CDC are not parallel because they do not involve

substantially the same parties.  The suit in CDC includes

Davillier as a plaintiff along with Full Spectrum, who apparently

assigned part of its right to the escrowed funds to Davillier.

This assignment does not render Full Spectrum and Davillier

"substantially similar" because the resolution of the claims in

the interpleader in this Court will not resolve any claims

arising from the alleged assignment in favor of Davillier.

Therefore, Colorado River abstention is inappropriate and this

Court should not dismiss or stay Chaffe's interpleader action.

    Furthermore, even if Colorado River abstention were possible

in this case, the factors supporting such abstention weigh in
favor of this Court's retaining jurisdiction of Chaffe's
interpleader action.  The <u>Colorado River</u> abstention factors
consider (1) whether there has been assumption by either the
state or federal court of jurisdiction over the res; (2) the
relative convenience of the forums; (3) the avoidance of
piecemeal litigation; (4) the order in which the jurisdiction was
obtained by the state and federal forums; (5) whether and to what
extent federal law provides the rules of decision on the merits;
and (6) the adequacy of the state proceedings in protecting the
rights of the party invoking federal jurisdiction.  <u>Woodward v.
Sentry Select Ins. Co.</u>, 2004 WL 834634, *3 (E.D. La. 2004)
(Berrigan, J.) (citing <u>Murphy v. Uncle Ben's, Inc.</u>, 168 F.3d 734,
738 (5th Cir. 1999)).  In this case, the only factor that weighs
in favor of abstention is that Full Spectrum's state court suit
was filed the day before Chaffe's interpleader action in this
Court.  This reed will not support the weight of <u>Colorado River</u>
abstention, which is available only in exceptional circumstances.
In addition, the other factors weigh in favor of this Court's
maintaining jurisdiction over Chaffe's interpleader action,
because Chaffe has already deposited the escrowed funds into the
Court's registry, which renders this interpleader similar to an
in rem proceeding in which this Court has jurisdiction over the

25

res.[4]  Furthermore, the federal forum is equally convenient to
the parties, and the federal interpleader will prevent the threat
of piecemeal litigation that is already apparent in light of Full
Spectrum's suit in CDC.  Finally, and as a general matter, there
are no serious comity concerns at issue in terms of the merits of
this case, which involves only private parties.  As such, even if
Colorado River abstention were applicable, Chaffe's action in
this Court would not be subject to abstention in favor of Full
Spectrum's first-filed suit in CDC.

Lastly, and in response to Full Spectrum's argument that the
state court proceedings are somehow broader than the present
interpleader action, the Fifth Circuit's venerable rule
precluding abstention from a proper interpleader action was
handed down in a decision that rejected this very argument.  The
Maryland Casualty court overturned the district court's decision
to abstain from a properly pled interpleader action under § 1335,
notwithstanding the district court's finding that "that the
[state court] proceedings were broader in scope and more adequate
to complete relief than the interpleader suit."  Maryland Cas.,
156 F.2d at 523.  Given that Maryland Casualty is the foundation
for the applicable Fifth Circuit rule in this case, Full

---

[4]  See Westside Transp.,237 F. Supp. 2d at 716.

Spectrum's argument that the CDC suit is somehow broader will not support abstention.

Furthermore, to the extent that Full Spectrum's state court suit may include damage claims against Chaffe for breach of the Escrow Agreement, Full Spectrum can assert those claims in these interpleader proceedings. "The Federal Rules of Civil Procedure, including their joinder provisions, apply in interpleader cases just as they would in any other civil action in federal court," and thus "[o]nce the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 881 (5th Cir. 1998).

As a result, this Court should not abstain from Chaffe's properly filed motion under § 1355 because the Fifth Circuit requires district courts to retain jurisdiction of cases over which they are granted jurisdiction by statute. The only exceptions to this rule are implicated if a federal suit is parallel to a pending state court suit and if (1) an interpleader plaintiff files a federal interpleader action with the intent to thwart Brillhart/Wilton abstention or (2) if the exceptional circumstances warranting Colorado River abstention apply. Neither of these exceptions applies in the instant matter. Therefore, Full Spectrum's motion for dismissal or stay based on

abstention should be denied.  In turn, Chaffe's motion for a permanent injunction against Full Spectrum's suit in CDC should be granted under 28 U.S.C. § 2361.  Accordingly,

**IT IS ORDERED** that Full Spectrum's **Motion to Dismiss Interpleader or in the Alternative Motion to Stay (Rec. Doc. 21)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Chaffe's **Motion for Injunction of Proceedings Pursuant to 28 U.S.C. § 2361 (Rec. Doc. 14)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Full Spectrum is hereby **ENJOINED** from further prosecution of Case No. 2008-9566 in Division E, Section 7 of the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Full Spectrum shall not commence nor prosecute any other action in any state or federal forum related to payment of and/or entitlement to the $627,312.54 of funds currently in this Court's registry in connection with this interpleader action.

New Orleans, Louisiana this  6th  day of ___February___, 2009.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE